**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Mark E. Belland, Esquire
      Steven J. Bushinsky, Esquire
      Mark E. Poist, Esquire

*Attorneys for Plaintiffs*

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Trustees of the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund for and on behalf of themselves and said Funds and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada, an unincorporated labor organization,**<br><br>830 Bear Tavern Road, 2nd Floor<br>West Trenton, NJ 08628<br><br>                    Plaintiffs,<br>v.<br><br>**M.A.P. REFRIGERATION, INC.**<br>873 Cornwells Avenue<br>Bensalem PA 19020<br><br>                    *Defendant.* | Civil Action No.:<br><br><br><br>**COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

**<u>JURISDICTION AND VENUE</u>**

1.  This action is brought pursuant to Section 502 and 515 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the LMRA, 29 U.S.C. §185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plan is administered, and the breach took place, in the District of New Jersey.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, Trustees of the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund for and on behalf of themselves and said Funds and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada (the "Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are

employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants.

6. The Funds qualify to commence this action, and are further authorized to sue in their own names, pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. The Trustees are "fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A) with respect to the collection of contributions due to the Funds.

8. The Funds maintain their principal place of business at 830 Bear Tavern Road, 2nd Floor, West Trenton, NJ 08628.

9. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

10. Defendant, M.A.P. Refrigeration, Inc. ("MAP"), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

3

11. Upon information and belief, MAP's principal place of business is located at 873 Cornwells Avenue, Bensalem, Pennsylvania 19020.

12. Upon information and belief, MAP conducts and/or has conducted business in the State of New Jersey.

## COUNT ONE

13. The Funds incorporate the allegations in Paragraphs 1 through 12 of this Complaint as if set forth herein in their entirety.

14. At all times relevant hereto, MAP was a party to and/or agreed to abide by the terms and conditions of an Inside Agreement with one or more local labor unions or district councils affiliated with the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada ("the Union").

15. At all times relevant hereto, MAP also signed and/or agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds, as well as the Policy for Collection of Fringe Benefit Contributions ("the Policy"). The Trust Agreements and the Policy set forth in the

4

rules and regulations with respect to participation in and administration of the Funds.

16. By virtue of the Inside Agreement, Trust Agreements, the Policy, and in accordance with federal law and administrative regulations, MAP agreed:

    a. To remit fringe benefit contributions to the Funds on behalf of eligible employees of MAP;

    b. To remit fringe benefit contributions to the Funds in a timely manner;

    c. To submit monthly remittance reports to the Funds detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee;

    d. To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the MAP's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements; and

    e. To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of MAP's failure to comply with its contractual and statutory obligations.

17. Despite MAP's clear and unequivocal obligations under the terms of the parties' Inside Agreement, Trust Agreements, and the Policy, MAP has failed to remit the total amount of employee fringe benefit contributions that are due to the Funds on behalf of eligible employees for the period of time, including, but not limited to, June 1, 2016 through July 31, 2016.

18. Payment of the delinquent contributions and penalties assessed against MAP has been demanded by the Funds on numerous occasions, but MAP has refused to submit the required payments.

19. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

20. Defendant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

21. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A)   Order MAP to pay all contributions due and owing to the Funds;

(B)   Order MAP to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C)   Order MAP to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(D)   Order MAP to specifically perform all obligations to the Funds under the CBA;

(E)   Order MAP to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F)   Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

22.   The Funds incorporate the allegations of Paragraphs 1 through 21 of this Complaint as if set forth herein in their entirety.

23.   The Inside Agreement to which Defendant is bound requires that the company post a surety bond with the Funds and Union as obligees or a cash deposit of $21,000.00 to secure Defendant's obligation to make payments to the Funds.

24. The Funds' Trust Agreement contains provisions which require Defendant to provide the Funds with a form of surety bond or other type of security guaranteeing their obligations to make payments to the Plaintiff Funds for welfare, pension and other benefits for the employees of the Defendant. The surety bond, security or other form of guaranty must be satisfactory to the Trustees or their designee(s).

25. In accordance with the Trust Agreement, Plaintiffs, on several occasions prior to the commencement of this cause of action, demanded that Defendant post a surety bond, cash bond or equivalent and that said surety bond be provided with Plaintiffs as obligees to protect the interest of Plaintiffs' participants and beneficiaries and because same was required by the Trust Agreement.

26. Plaintiff Funds gave Defendant written notices of their demand that Defendant being in breach of the surety bond requirement, post a surety bond, cash bond or equivalent in a sum as required by the Trust Agreement.

27. Defendant has failed and refused to comply with the Funds demand despite being obligated to do so pursuant to the terms and conditions of the Agreement between the Union and Defendant and therefore breached the Agreement.

28. The Funds are third party beneficiaries of the Inside Agreement

between the Union and Defendant.

29. Plaintiff Funds will suffer irreparable injury and harm from Defendant's breach of the Inside Agreement as set forth above in that the Funds' ability to ensure collection of required employer contributions to the Funds is jeopardized by Defendant's failure to post the required surety bond, cash bond or equivalent with Plaintiffs as obligees.

30. Plaintiff Funds will suffer irreparable injury and harm from Defendant's breach of the Inside Agreement as set forth above in that the Funds' ability to purchase and provide benefits to its participants and beneficiaries will be jeopardized if the Funds cannot secure payment of Defendant's obligations which will result from Defendant's failure to post the required surety bond, cash bond or equivalent with Plaintiffs as obliges.

31. The Funds will suffer irreparable injury and harm from Defendant's breach of the Inside Agreement as set forth above in that the Funds will lose investment opportunities which would benefit the Funds' participants and beneficiaries as a result of Defendant's failure and refusal to post the required surety bond, cash bond or equivalent with Plaintiffs as obligees thereby depriving the Funds from securing payments that Defendant is obligated to make to the Funds.

32. The relief sought by the Funds against Defendant will not harm

Defendant to a greater extent than that which the Funds will suffer if the relief sought by them is not granted as the Funds seek to enforce their rights under a clear and unambiguous contract provision.

33. The public interest is best served by granting the Funds the relief sought against Defendant.

34. The Funds are without adequate remedy at law and therefore are entitled to equitable relief against Defendant.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) For a preliminary injunction enjoining Defendant MAP from violating the terms of the Inside Agreement as to the Funds and ordering Defendant MAP to post a surety bond, cash bond or equivalent in a principal sum of $21,000.00 with Plaintiffs as obligees;

(B) Order Defendant MAP to specifically perform all obligations to the Funds under the Inside Agreement;

(C) Order Defendant MAP to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(D) Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____

Mark E. Poist, Esquire
O'Brien, Belland & Bushinsky, LLC
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/856-795-2182
mpoist@obbblaw.com

Dated: August 29, 2016

11